## Rox Athletic Association's Charter Application.

Argued March 28, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John J. McGrath*, for appellant.

No appearance was made, nor brief filed for appellee.

PER CURIAM, April 22, 1935:

The application for a charter of the Rox Athletic Association of McKees Rocks, made by Anthony Maddalon, Stanley L. Shylstek and others, was filed in the Court of Common Pleas of Allegheny County at No. 510, October Term, 1934, under the Nonprofit Corporation Law of May 5, 1933, P. L. 289. After testimony taken by a master appointed by the court as to the purposes and necessity of the proposed corporation, the application was considered by the court and refused by the hearing judges in a per curiam opinion, as follows:

"While it is proper to encourage athletics and a spirit of good fellowship among the members of the club, there is no reason why this cannot as well be done without a charter as with one.

"We do not understand that such an organization as here proposed, having a present membership of 80, should

be granted a charter simply to build up the organization. It evidently has no clubhouse, nor any headquarters that will accommodate the present 80 members, let alone the additional 100 hoped for. Anthony Maddalon, the president, testified that the meetings are held at No. 118 Munson Avenue, at the home of the vice-president. The registered headquarters are at No. 3141 Ray Street, which apparently is either the home or business address of some member. Whichever of these two places may be the actual clubhouse, the premises are inadequate to accommodate such an organization. Maddalon, the president, at page five of transcript, said: 'The place is too small; we will have to get a larger place; with these 80 and the hundred or more new members, you could get a clubhouse.'

"We do not think that we should grant club charters to such an organization to help them to get proper rooms.

"Clearly the statement that the club does not anticipate selling liquor cannot prevent their applying for a club license if they be chartered. With the preposterous initiation fee of 25 cents and the equally preposterous monthly dues of 25 cents, it seems asking too much to designate such a club as a bona fide athletic club. We do not intend to grant a charter to an organization that cannot exist except by 'passing the hat,' or else by procuring a license and selling liquor to the members,—thus adding one more drinking resort to those already posing as chartered clubs.

"The application for charter must be refused."

We have examined the record, including the testimony, and concur in the conclusion reached by the lower court. Nothing need be added to the court's opinion.

The judgment is affirmed at appellant's costs.